# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

In re:  WAYNE LAYTON and                             No. 13-08-10105 MA
        TINA LAYTON,

        Debtors.

### ORDER DETERMINING THAT DEBTORS' ELIGIBILITY UNDER 11 U.S.C. § 727(a)(9) TO RECEIVE A DISCHARGE IN SUBSEQUENT CHAPTER 7 PROCEEDING CANNOT BE ESTABLISHED IN AN ORDER CONFIRMING DEBTORS' CHAPTER 13 PLAN

THIS MATTER is before the Court on confirmation of Debtors' Chapter 13 plan.

Debtors want to include a provision in the confirmation order that establishes Debtors' eligibility

under 11 U.S.C. § 727(a)(9) to receive a discharge in a subsequent Chapter 7 proceeding.

Debtors argue that including such a provision provides them with an incentive to complete the

Chapter 13 plan as proposed.   The Chapter 13 Trustee counters that the provision constitutes a

presumptive finding on an issue that cannot be adjudicated until it arises in a subsequent Chapter

7 proceeding. This Court agrees with the Chapter 13 Trustee and will, therefore, sustain her

objection.    There are no other objections to the Debtors' Chapter 13 plan.

## DISCUSSION

Section 727(a) governs the discharge in Chapter 7 proceedings.  Subsection (9) provides,

in relevant part:

> The court shall grant the debtor a discharge, unless --
> > (9) the debtor has been granted a discharge under section 1228 or 1328 of this title . . . in a case commenced within six years before the date of the filing of the petition, unless payments under the plan in such case totaled at least --
> > > (A) 100 percent of the allowed unsecured claims in such case; or
> > > (B)(I) 70 percent of such claims; and
> > > > (ii) the plan was proposed by the debtor in good faith, and was the debtor's best effort[.]
> 11 U.S.C. § 727(a)(9).

Debtors seek to include a provision in the order confirming their Chapter 13 plan stating that the plan was proposed in good faith, provides for payment totaling 70 percent of the allowed unsecured claims, and constitutes the Debtors' best effort. In support of their position, Debtors cite *Stuart v. Parr (In re Parr),* 222 B.R. 337 (Bankr.D.Minn. 1998).[1]

The *Parr* court noted generally that the effect of a discharge may not be self-evident at the time of its entry, and that further litigation may later be required to establish which debts are excepted from discharge. *Id.* at 339. Debtors assert that including a provision as to 11 U.S.C. § 727(a)(9) in the order confirming chapter 13 plan merely eliminates the uncertainty of further litigation on this issue. But it is precisely because the inclusion of such a provision could serve to preclude further litigation in a subsequent Chapter 7 proceeding that it cannot be included in an order confirming a debtor's chapter 13 plan. Unless and until a debtor completes his or her chapter 13 plan and receives a discharge, the Court cannot determine whether 100% of allowed unsecured claims have been paid in full, or whether the payments made under the plan totaled at least 70% of the allowed unsecured claims *and* that such payments constituted the debtor's best effort. The Debtors' circumstances may change over the course of a plan repayment period which could affect the Court's determination of whether the Debtors made their best effort at

---

[1] In *Parr,* the debtor received a discharge in a prior chapter 13 proceeding commenced within six years of the debtor's filing of a subsequent Chapter 7 proceeding, and the United States Trustee filed an adversary proceeding against the debtor seeking a denial of the debtor's discharge under 11 U.S.C. § 727(a)(9). *Parr,* 222 B.R. at 338. *Parr* focused on whether the debtor was, in fact, "granted a discharge" in the prior Chapter 13 proceeding, since the debtor's only debts in the Chapter 13 proceeding were non-dischargeable. *Id.* at 339. *Parr* is inapposite to the matter before this Court inasmuch as neither of the minimum-performance exceptions contained in 11 U.S.C. § 727(a)(9)(A) or (B) were directly at issue in *Parr. Id.* at 339 ("The exceptions of § 727(a)(9)(A)–(B) do not protect the Defendant from the moratorium, because she did not meet either of the minimum-performance criteria in them.").

2

repayment.  Whether the Debtors have made their best efforts in executing their Chapter 13 plan

is a question of fact that should be determined when, and if, the Debtors file a subsequent

Chapter 7 proceeding within six years of the granting of a discharge in this proceeding.[2]   At the

time of confirmation of a debtor's chapter 13 plan, 11 U.S.C. § 727(a)(9) has no application:

the debtor has yet to complete the chapter 13 plan payments or receive a discharge, and the

debtor has not filed a subsequent Chapter 7 proceeding within six years of the commencement

date of the instant Chapter 13 case.[3]

---

[2]The Court notes that Collier's suggests that "[t]he debtor should be able to obtain a ruling on whether the plan is the debtor's best effort in the initial chapter 13 case, perhaps by inclusion of a provision constituting a finding of best effort in either the plan or the order confirming the plan."  Collier on Bankruptcy ¶ 727.11[1][b] (Alan N. Resnick and Henry J. Sommer, eds. 15th ed. rev. 2007).   Collier's references the legislative history, found at 124 Cong. Rec. H11,098 (Sept. 28, 1978), which includes the following statement:

> It is expected that the Rules of Bankruptcy Procedure will contain a provision permitting the debtor to request a determination of whether a plan is the debtor's 'best effort' prior to confirmation of a plan in a case under Chapter 13 of title 11.

> H.R. Rep. No. 95-595, at 6460 (1977).

But the Federal Rules of Bankruptcy Procedure do not include a rule that allows for Chapter 13 debtors to request at the time of confirmation a determination as to whether the plan constitutes the debtor's best effort at repayment.

[3]Historically, courts have determined that a finding that the proposed plan payments constitute the debtor's "best effort" is not a requisite to confirmation under 11 U.S.C. § 1325. *See  In re Hurd,* 4 B.R. 551, 552 (Bankr. Mich. 1980)(noting within the context of confirmation in a second chapter 13 case that "11 U.S.C. Section 727(a)(9) is not specifically applicable to a Chapter 13 confirmation."); *Thompson Supply Co., Inc. v. Roy (In re Roy),* 5 B.R. 611, 613 (Bankr.Ala. 1980)(stating that standard for determining eligibility to receive a discharge under § 727(a)(9) is not applicable to confirmation in a chapter 13 proceeding, so that confirmation of a debtor's chapter 13 plan is not contingent upon a finding that the payment constitutes the debtor's best effort, though the parties stipulated that the payment constituted the debtor's best effort).  *See also, In re Burrell,* 6 B.R. 360, 366 (D.C.Cal. 1980), *appeal after remand,* 25 B.R. 717 (N.D.Cal. 1982)("[Section] 727(a)(9) should not preclude the confirmation under § 1325(a) of a plan that provides for the payment of less than 70% of unsecured claims.").

3

WHEREFORE, IT IS HEREBY ORDERED that Debtors may not include a provision regarding 11 U.S.C. § 727(a)(9) in the order confirming their Chapter 13 plan.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

Date entered on docket: December 10, 2008

COPY TO:

Christopher Trammell
Mike Lash
Attorneys for Debtors

Kelley L. Skehen
Chapter 13 Trustee
625 Silver Ave. SW, Suite 350
Albuquerque, NM 87102

4